# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60344
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2025

Lyle W. Cayce
Clerk

Maryury Patricia Ramos-Urbina;
Anthony Alessandro Molina-Ramos,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of
the Board of Immigration Appeals
Agency Nos. A215 934 136,
A215 934 137

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Maryury Ramos-Urbina and Anthony Molina-Ramos, natives and citizens of Honduras, petition for review of the decision of the Board of Immigration Appeals ("BIA") upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60344

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *See Rangel v. Garland*, 100 F.4th 599, 603 (5th Cir. 2024).

For purposes of asylum and withholding of removal, "[p]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Munoz-Granados v. Barr*, 958 F.3d 402, 406 (5th Cir. 2020) (internal quotation marks and citation omitted). The record does not compel a conclusion contrary to the agency's finding that the threats made by Ramos-Urbina's former partner and the former partner's aunt lacked immediacy and that the overall past harm, considered cumulatively, did not rise to the level of persecution. *See Rangel*, 100 F.4th at 604–07; *Munoz-Granados*, 958 F.3d at 407; *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019).

Absent a showing of past persecution, the petitioners may establish a well-founded fear of future persecution by showing a subjective fear of persecution that is also objectively reasonable. *Rangel*, 100 F.4th at 607. A reasonable factfinder could conclude, as the agency did here, that Ramos-Urbina failed to demonstrate an objectively reasonable fear of persecution in Honduras. *See id.* at 608–09. The BIA correctly reasoned that the petitioners had no contact from Ramos-Urbina's former partner or his family since leaving Honduras. Further, Ramos-Urbina's mother and brother remained in Honduras without being threatened or harmed. Because the petitioners have failed to demonstrate past persecution or a well-founded fear of persecution, as required for eligibility for asylum, they have also failed to satisfy the higher burden with respect to withholding of removal. *See id.* at 609.

To obtain protection under the CAT, the petitioner must demonstrate that, in the proposed country of removal, she more likely than not will suffer torture that is inflicted or instigated by, or occurs with the consent or acquiescence of, a public official or other person acting in an official capacity. *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Torture is a

higher standard than persecution, so Ramos-Urbina's failure to demonstrate past persecution establishes that she did not suffer past torture. *See Rangel*, 100 F.4th at 610; *Qorane*, 919 F.3d at 911.

The record does not compel the conclusion that Ramos-Urbina demonstrated the requisite likelihood of torture for protection under the CAT, given that she did not suffer past torture in Honduras; the petitioners had not been contacted by her former partner or his family, much less threatened or harmed, in the years since they departed Honduras; and Ramos-Urbina's relatives have not been threatened or harmed while remaining in Honduras. *See Rangel*, 100 F.4th at 610. Although the petitioners point to their documentary evidence on country conditions, the generalized country evidence tells little about the likelihood of torture of a particular person, including Ramos-Urbina. *See Qorane*, 919 F.3d at 911. The petitioners have not shown that the BIA erred with respect to the denial of protection under the CAT.

Lastly, the government moves for summary disposition, but that is not appropriate here in light of the petitioners' opposing arguments and the absence of foreclosed issues.

Accordingly, the petition for review is DENIED, and the motions for summary denial of the petition of review and for dismissal of the petition for review also are DENIED.